JANVIER, Judge.
Oliver Long appeals from a judgment dismissing, on exception of no cause of action, his intervention and third opposition in which he seeks to prevent Commercial Securities Company from proceeding with the sale, under a writ of fieri facias, of an automobile on which the said Commercial Securities Company held a chattel mortgage which had been executed by a former owner.
During the year 1946 Joseph Luke was engaged in business, in New Orleans, in buying and selling used automobiles, being what is commonly termed a Used-car Dealer. The automobile in question was offered to him by the then owner and he, Luke, having 'agreed to buy it, issued to the then owner his check for the purchase price. Luke immediately executed a chattel mortgage on the said car for $1127.00, and this is the mortgage which is now held by Commercial Securities Company. Luke, for the purpose of making good the check he had issued, deposited in his bank account the proceeds of the mortgage loan which he had received from Commercial Securities Company. He then exhibited the said car for sale, and shortly thereafter sold it to Leonard J. Bowers, who, in turn, sold it to Parish Finance Corporation, which corporation sold it to Long.
When Luke sold the car to Bowers he did not then or later pay the mortgage note which was held by 'Commercial Securities Company, and that corporation in a suit via ordinaria obtained judgment against Luke and in that judgment its rights under its mortgage were recognized. It then seized the automobile in the hands of Long who now attempts to prevent the sale of the car and to-have it returned to him. Long also prays for damages in the sum of $825.00.
Since the matter is before us on appeal from a judgment maintaining an exception .and was not heard on the merits, there is no evidence to be considered.
It was alleged by the third opponent that the chattel mortgage was invalid because “of irregularities,” but it is now conceded that the mortgage was and is valid and is properly recorded and the right of the seizing creditor to proceed with the execution of the judgment is contested only on the following grounds:
First — That the said seizing creditor is estopped to execute the mortgage against the used car, because it well knew, when it accepted the mortgage that the car was to be sold by Luke as soon as possible, and also because it was aware of the fact that on previous occasions Luke, under similar circumstances, had sold .other cars on which it, the seizing creditor, held mort-ages and had not devoted the proceeds to the payment of those mortgage debts.
Second — That there was a relationship of principal and agent between the mortgage holder and Luke which resulted from the fact that since the mortgage holder knew that the car was to be sold, it, in effect, constituted Luke its agent to receive the proceeds and to devote those proceeds to the payment of the mortgage debt.
Third — That the mortgage creditor, by its actions, waived its right to enforce its mortgage against the car since it allowed Luke to continue in business and since it continued accepting his mortgages, in spite of the fact that on previous occasions he, to its knowledge, had sold cars on which it held mortgages and had not devoted the proceeds of the sale to the payment of those mortgage debts.
We have stated these contentions as they are set forth in the brief of appellant, and we have done so although the original and supplemental petitions themselves do not set forth in detail the various acts and transactions on which the third opponent relics. We have done this because the matter is before us on exception, and the question is whether the petitions set forth facts sufficient to sustain the contentions of the third opponent, and since the third opponent insists that we must interpret the allegations of his petition as he would have them interpreted, we have assumed that everything charged in the brief of his counsel is set forth in the petitions. Having indulged in this assumption and having given to the allegations of the petitions the very liberal interpretation *895 contended for by counsel, we that these allegations do not set forth such a cause of action as would justify a judgment interfering with the right of the seizing creditor to proceed with execution under the writ of fieri facias. conclude
The allegations upon which the third opponent relies read as 'follows:
“9.
“That plaintiff knew before the execution of the mortgage here in question, that this automobile would immediately after the mortgage was executed be placed upon defendant’s lot to be placed in commerce ; that prior to the instant transaction between plaintiff and defendant there had been many such floor plan deals by and between plaintiff and defendant; that this knowledge on the part of the plaintiff supported by the previous business relationship created a principal agent status between plaintiff and defendant respectively through which both implied and apparent authority was given defendant to dispose of the said car without the written consent of the plaintiff, the plaintiff acquiescing therein, and accepting his personal promise to protect its equity therein by discharging the note when the car was sold.
“10.
“That plaintiff periodically checked the cars on the lot of defendant upon which it had mortgages, and on several occasions prior to the transaction in question, detected that cars subject to its mortgage had been sold without the discharge of said mortgage by defendant, and the plaintiff failed to take immediate issue with defendant or to discontinue business with him, or 'to take any other measures as a reasonably prudent person in the finance business would take in order to prevent its agent, for the collection of its equity, from continuing to commit acts of fraud against third party purchasers in good faith, such as petitioner.”
In the first place, it is conceded by counsel for the third opponent that the mere fact that the mortgage holder, when it accepted the mortgage, knew that the property was to be sold, did not estop it to execute its mortgage against the purchaser of the mortgaged property. That concession was necessarily made because that exact question was presented and passed upon in Palmisano v. Louisiana Motors Co., 166 La. 416, 117 So. 446, 448. There the court said: “ * * * estoppel does not arise from the fact that, when the mortgagee accepted the mortgages, he knew that the property was on sale, or was to be put immediately on sale, or even because the mortgagee expected to be paid out of the proceeds of the sale when made.”
Counsel relies on that decision, however, as authority for the view that under certain circumstances there may be created an estoppel, and they point to the following statement in that decision: “Of course, the mortgagee by his representations and conduct may estop himself from asserting his mortgage against the property while it is in the hands of a third person.”
There can be no doubt that, if a mortgagee so acts as to induce a third person to act under the belief that the mortgage holder has waived or will waive his rights, an estoppel may result. We so held in Security Credit Corporation v. Menefee Motor Co., 14 La.App. 1, 129 So. 174. The facts there were quite different from those alleged here. There an automobile agency in a Louisiana town became financially involved. The Security Credit Corporation had been financing, mortgage loans for this automobile agency, and it discovered that in many instances the agency had sold cars and had not devoted the proceeds to the retirement of the loans on those cars. The credit corporation felt that it was advisable to continue the agency in business and therefore it entered into an agreement with the agency to the effect that it would continue “to make loans * * * and that, as the cars were sold, the proceeds would be devoted to the payment of the old accounts, and then, as these old accounts were gradually extinguished, to the payment of the later loans.”
The vast distinction between that case and this lies in the fact that in that case the mortgage holder knew when it. *896 received the proceeds of the later sales that those proceeds had come from the sale of cars on which it held mortgages, and in spite of this knowledge, it did not apply those proceeds to those loans but instead applied them to the older indebtedness. Here no such condition exists. The mere fact that, on previous occasions, the automobile agency had sold cars on which there were mortgages and had not applied the proceeds to those loans and that the mortgage holder had knowledge that this had occurred in the past, did not create such an agreement as that which formed the basis of the decision in the Menefee case. As a matter of fact, in the case at bar it is evident that the mortgage holder not only did not agree to any such custom but took the necessary steps to protect its interests by bringing suit against Luke and by executing under its mortgage. And it is further evident that the mortgagee did not countenance such action on the part of the mortgagor for, according to the petition itself, the mortgagee “periodically checked the cars on the lot of defendant”. This was obviously done for the purpose of preventing just what was done in this case so far as it is possible for a mortgagee under such circumstances to prevent such action.
We see no merit whatever in the contention that the mortgage holder, because it knew that the car on which it held a mortgage was to be offered for sale, constituted the mortgagor its agent to collect the proceeds of the sale. The mortgage holder had nothing whatever to do with the proceeds of that sale. The debt due it was due by the mortgagor, not the purchaser of the car, and it was the duty of the purchaser, if he wished to protect himself against any possible prior mortgage, to see, before he took title, that all recorded mortgages had been cancelled.
In Palmisano v. Louisiana Motor Co., supra, the Supreme Court said: “ * * * The law charges the purchaser of mortgaged personalty with knowledge of the mortgage from the mere fact of registry, and this notice, to say the least, is equivalent to actual notice. It is the duty of the: prospective purchaser to examine the mortgage records to ascertain whether the property he intends to purchase is mortgaged, if he desires to guard against a mortgage.”
The allegations made by the inter-venor and third opponent cannot be tortured into anything more than a charge that the mortgagee knew, when it accepted the mortgage, that the property w.as to be offered for sale and knew that on prior occasions the mortgagor had sold automobiles on which there were mortgages without having first cancelled the mortgages and without applying the proceeds of the sales to that purpose. From these allegations we cannot draw the conclusion that the mortgagee consented to such a course of action, or that its action constituted the mortgagor its agent to collect the purchase price and to devote the purchase price to the payment of the mortgage debt.
The allegations of the petition do not set forth a cause of action. The intervention and third opposition was properly dismissed.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.